## JOHN C. SUNDERLAND *vs.* JOHN COWAN.

*Legal Sufficiency of Evidence in Action on Note.*

In an action on a promissory note by which the defendant agreed to pay a sum of money twelve months after date, provided certain shares of stock should at that time be marketable at not less than fifty cents per share, the evidence examined, and held to be legally sufficient to authorize the jury to find that the shares of stock could then have been sold at the designated price, and that consequently it was error to instruct the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover.

*Decided June 24th, 1907.*

Appeal from the Superior Court of Baltimore City (PHELPS, J.)

The cause was argued before BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*Charles F. Stein* (with whom was *J. H. Wolraven* on the brief), for the appellant.

*John H. Richardson*, for the appellee.

ROGERS, J., delivered the opinion of the Court.

This is an appeal from the Superior Court of Baltimore City.

The appellee, John Cowan, gave his promissory note for fifteen hundred dollars to Albert J. Hoskins, as balance due him on three thousand and eight hundred and ten shares of the American Graphite Company, dated March 20th, 1902, payable twelve months after date; providing, however, that at the expiration of twelve months from date, the said stock must be marketable at fifty cents per share at least, otherwise this note is null and void and not collectible.    Hoskins, for value, first endorsed and then assigned the note to the appellant; the note not being paid when due, the appellant brought suit thereon against Cowan.    The *narr.* contained the usual common counts and also counts five, six, seven, eight and nine on the contract in writing, to which the defendant filed the pleas: Never promised as alleged.    Was never indebted as alleged. The case was tried before the Court and a jury.    At the close of the plaintiff's case, under instructions from the Court, the jury rendered a verdict for the defendant, from which this appeal is taken.    And we are called upon to review the action of the Court in granting the defendant's prayer and thus taking the case from the jury.    The prayer is in these words: "The defendant prays the Court to instruct the jury that there is no evidence in this case legally sufficient to entitle the plaintiff to recover, and their verdict must be for the defendant."

Whenever evidence is so inconclusive that no well constituted mind can infer from it the fact which it is offered to establish, it becomes the duty of the Court, when requested, to instruct the jury that the evidence is insufficient to justify their finding the fact attempted to be proved.    *Brady* v. *Con. Gas Co.*, 85 Md. 641; *Tyson* v. *Tyson*, 37 Md. 581.    So we must turn to the record to learn what evidence the plaintiff did offer to sustain his contention.

We will observe that the note being non-negotiable, the title thereto could only pass by a written assignment; that preliminary being complied with the assignee could sue in his own name.    *Bank* v. *Green*, 57 Md. 605; *Code, 1904*, sec. 1, Art. 8.    The note is in these words:

$1500.00          Baltimore, Md. March 20th, 1902.

Twelve months after date I promise to pay to Albert J. Hoskins or order Fifteen hundred dollars as balance due him on thirty-eight hundred and ten shares of stock in the American Graphite Company, providimg however that at the expiration of twelve months from above date, the said stock must be marketable at fifty cents per share at least, otherwise this note is null and void and not collectible.

John Cowan.

Endorsed March 22nd, 1902, pay to the order of John C. Sunderland.

Albert J. Hoskins.

Whereas, John Cowan on March 20th, 1902, made and passed to me his promissory note or promise to pay reads as follows:

"Balto., Md. Mar. 20, 1902.

Twelve months after date I promise to pay to Albert J. Hoskins or order, Fifteen Hundred Dollars, as balance due him on Thirty-eight hundred and ten shares of stock in The American Graphite Company, providing, however, that at the expiration of twelve months from above date, the said stock must be marketable at fifty cents per share at least, otherwise this note is null and void and not collectible.

John Cowan."

And whereas, on the 22nd day of March, 1902, I, Albert J. Hoskins, intended to transfer all of my right, title and interest in and to said promissory note, contract to pay or instrument of writing, by endorsement on the back thereof to John C. Sunderland.

And whereas, such endorsement has not been deemed sufficient;

Now therefore witnesseth, that I, Albert J. Hoskins, in considerations of the premises and of the sum of one dollar, and other valuable considerations, do hereby transfer and assign to John C. Sunderland, all my right, title and interest, both in law and in equity, in and to the above promissory note, or contract to pay.

Witness my hand and seal this 5th day of September in the
year 1903.

                          Albert J. Hoskins (seal)

The plaintiff then proved by the maker, John Cown, that he
signed the note in question. The plaintiff then proved by John C.
Sunderland, plaintiff in this case, that the signature to the as-
signment was the signature of Albert J. Hoskins. That the note
was given to him, John C. Sunderland, by Albert J. Hoskins for
money loaned him, Hoskins, in October, 1891. That on several
occasions he demanded payment of his note, and the result was
nothing. That he is still the owner of some of the stock of,
the Graphite Company named in the note. John C. Sunder-
land was then asked whether on or about 20th of March,
1903, he had had any conversation with John Cowan concerning
the payment of this note or concerning the delivery of any stock
to him. Ans. I made demand on Mr. Cowan for payment of
the note, and he had no money, and I offered to take the
stock in payment, and he refused to do it. That this conver-
sation was about May 20th, 1903, along about first of May or
April, 1903. Witness further stated he had sold some of the
same stock in 1901, for $10 per share, to Chas. Lantz and to
John Lantz for $5 per share. That he was familiar with the
mine of the Graphite Company itself, and the officers and di-
rectors, and their business and the stock. He was then asked.
State whether or not in your opinion, that stock could have
been sold for fifty cents at least per share, in or about March
20th, 1903. Ans. It certainly could. On cross-examination
the witness said he got the note from Hoskins for a loan of
$1,100 in 1901.

Charles Lantz gave the following testimony. That he
owned 200 shares of stock in the American Graphite Com-
pany. That in addition to owning stock, he was one of the
directors of the American Graphite Company up to its last
meeting although he knew of no meeting, and is to a certain
extent familiar with its affairs. He was then asked. Will you
state whether or not on or about March 20th, 1003, if a rea-
sonable effort had been made, the American Graphite Com-

pany's stock could have been sold at fifty cents per share at least? To which question, after objection was made by defendant and overruled by the Court, the witness answered, I certainly do. He further testified that between April, 1902, and March 20th, 1903, the value of the stock was at a standstill to the best of his knowledge. Plaintiff was recalled and testified that Hoskins owed him $1,100 in consideration of which he assigned the note sued on by the plaintiff. The plaintiff and Charles. Lantz each swore without contradiction, that on March 20th, 1903, the stock could have been sold for at least fifty cents per share. This evidence must be assumed to be true, and if true, the record contained sufficient evidence to go to the jury.

We do not propose to review the many cases in which the question as to the legal sufficiency of evidence has been considered by this Court.

The question then in this case, is whether, assuming all the evidence offered by the plaintiff *to be true*, and adding thereto every inference which may be fairly and legitimately drawn therefrom, it was sufficient to warrant the jury in the exercise of a *reasonable intelligence* to find on the issue in favor of the plaintiff.

It has been settled by repeated decisions of this Court, that the *legal sufficiency* of evidence is a question of law of which the Court are the exclusive judges; and whenever it is so slight or inconclusive, that no rational well constructed mind can infer from it the fact which it is offered to establish, it is the duty of the Court, when applied to for that purpose, to instruct the jury, that there is no evidence before them to warrant their finding the fact thus attempted to be proved. The evidence before us is, in our judgment sufficient to have warranted the jury in finding for the plaintiff the facts thus attempted to be proved and we do not deem it necessary or important to protract this opinion by an extended analysis of it. It suffices to say that in our judgment the jury could have found the alleged facts without indulging in mere speculation and conjecture. The want of evidence must be clear and ob-

vious, in order to justify the Court in directing, at the close of the plaintiff's case, a verdict in favor of the defendant.

It follows that the judgment below must be reversed and a new trial awarded.

> *Judgment   reversed   and   new   trial*
> *awarded with costs to the appellant*
> *above and below.*